# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HOWARD PORTER,**

    **Plaintiff,**

**v.**                                                 **Case No:   6:15-cv-1715-Orl-37DAB**

**THE CITY OF PORT ORANGE, BOB FORD, DREW BASTION, DENNIS KENNEDY, ALLEN GREEN, DONALD BURNETT, CHRISTINE HARING, THOMAS HARING, MARGIE PATCHETT, JACQUELINE BODNER, NICOLE SANCHEZ and JOHN AND JANE DOE,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **Motion for Leave to Proceed in forma pauperis (Doc. No. 18)**
>
> **FILED:**        **March 23, 2016**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

This Court previously dismissal of Plaintiff's original Complaint alleging § 1983 claims and denial of his application to proceed *in forma pauperis* on December 22, 2015. Doc. 8[1]. Additionally, because Plaintiff failed to properly allege diversity jurisdiction over the remaining state law claims, the Court recommended that Plaintiff's state law tort claims be dismissed either to

---

[1] The Court assumes familiarity with the prior Report and Recommendation.  Doc. 8.

be refiled in state court or with leave to amend to refile in this Court as long as he could establish jurisdiction and could assert separate complaints against the Defendants based on the completely separate conduct and events (*i.e.*, each citizen who posted on the internet, etc.).  Doc. 8.

On February 17, 2016, noting that Plaintiff's Complaint was a :shotgun pleading, District Judge Dalton dismissed Plaintiff's Complaint on the grounds stated in the Report and Recommendation, and granted Plaintiff's leave to refile his claims.  Doc. 13.  Plaintiff filed his "Second Complaint" on March 23, 2016.  Doc. 17.  However, Plaintiff has failed to correct the deficiencies in the state-law tort claims as set forth in the Court's previous Report and Recommendation (Doc. 8).

As the Court noted previously in recommending dismissal of the state claims asserted in Plaintiff's original Complaint (Doc. 8) on the basis of diversity jurisdiction:

> Plaintiff [] alleges that the Court has jurisdiction over his claims based on 28 U.S.C. § 1332, diversity of citizenship, because the parties are citizens of different states and the amount in controversy exceeds $75,000. Doc. 1 ¶ 22. However, the Court finds that Plaintiff has failed to adequately allege the citizenship for himself and the Defendants. Federal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress. Wright, Miller & Cooper, 13 *Federal Practice and Procedure*, § 3522 (2008). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may raise the question of whether there is subject matter jurisdiction "at any stage in the litigation." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 1240, 1244 (2006).
>
> Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants. *Owen Equip. and Recreation Co. v. Kroger*, 437 U.S. 365, 373 (1978). In order to achieve "complete diversity," no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equipment*, 437 U.S. at 373. Parties cannot consent to federal subject matter jurisdiction; it is a question of law for the Court to decide. Where subject matter jurisdiction is properly challenged, the plaintiff bears the burden of proof. *Jackson v. United States*, Case No. 6:05-cv-1643-Orl-19KRS, 2006 WL 4863066, *3 (M.D. Fla. 2006) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004)).
>
> Plaintiff has failed to adequately plead his citizenship as well as the citizenship the Defendants, who he asserts are "located" at various places in Florida. For diversity jurisdiction purposes, pleading "location" or "residence" alone is not enough.  *See*

> *Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citing *Denny v. Pironi*, 141 U.S. 121, 123, 11 S.Ct. 966, 35 L.Ed. 657 (1891)); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile requires both residence in a state and "an intention to remain there indefinitely." *Id*. at 1258 (internal quotation marks omitted).
>
> Moreover, for those entities which are corporations, Plaintiff has failed to adequately allege their states of incorporation and principal places of business. A corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Having failed to properly assert citizenship of the parties, the Court cannot exercise jurisdiction on the basis of § 1332 on the allegations in Plaintiff's Complaint as currently pled.

Doc. 8 at 10-12.

In his "Second Complaint," Plaintiff again alleges the parties' "locations" rather than the citizenship of himself and the individual Defendants and corporate Defendant. *See* Doc. 17. Plaintiff also did not correct the deficiency in lumping the facts together as identified by Judge Dalton – "If Plaintiff chooses to replead, the amended complaint should clearly delineate which factual allegations are relevant to each claim." Doc. 13 at 3. Moreover, Plaintiff's naming of a "John (Jane) Doe" Defendant, as Plaintiff alleges in his "Second Complaint," destroys diversity. "Because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits." 14 Wright, Miller & Cooper, *Federal Practice and Procedure Treatise* § 3642 (1998) (quoting *Howell v. Tribune Entertainment Co*., 106 F.3d 215, 218 (7th Cir. 1997). A plaintiff can utilize Doe defendants only when he or she can prove that their presence does not destroy diversity. *Id.*

Plaintiff having failed to establish that the Court has subject matter jurisdiction over his claims on the basis of diversity jurisdiction, it is **respectfully RECOMMENDED** that Plaintiff's "Second Complaint" (Doc. 17) be **DISMISSED** and his Motion to Proceed *In Forma Pauperis* (Doc. 18) be **DENIED**.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 12, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy