**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

HOWARD PORTER,

    Plaintiff,

v.                                     Case No. 6:15-cv-1715-Orl-37DCI

WESH 2; BAY NEWS 9; MY NEWS 13;
WKMG TV LOCAL 6; TRAVELL
EILAND; SHAUN CHAIYBHAT; BLAINE
TOLISON; SAUL SENZ; LACY
MCLAUGHLIN; and KATIE KURSTAIN,

    Defendants.

---

**ORDER**

This cause is before the Court on its own motion.

On October 13, 2015, Plaintiff Howard Porter—proceeding *pro se*—initiated this action alleging certain constitutional and state-law tort claims. (Doc. 1 ("**Original Complaint**").) As required, the Original Complaint provided a basis for the Court's subject matter jurisdiction. (*Id.* at 3.) Specifically, Plaintiff alleged that the action involved a federal question and that the parties were completely diverse as Plaintiff was "located" in Georgia and all Defendants were "located" in Florida. (*Id.* at 1–2.) Along with the Original Complaint, Plaintiff moved for leave to proceed *in forma pauperis.* (Doc. 2.) On referral, U.S. Magistrate Judge David A. Baker found that the Court lacked subject matter jurisdiction based on diversity of citizenship because Plaintiff had failed to adequately allege the parties' citizenship. (Doc. 8 ("**December 2015 R&R**").) Hence the December 2015 R&R recommended that the Court dismiss the Original Complaint with leave to

amend to permit Plaintiff to establish diversity jurisdiction.[1] (*Id.* at 12–13.) To assist Plaintiff, Magistrate Judge Baker outlined the requirements to adequately allege both an individual's citizenship as well as that of a corporation. (*Id.* at 12.)

Before the Court could rule on the December 2015 R&R, Plaintiff filed an amended complaint. (Doc. 11 ("**First Amended Complaint**").) Notwithstanding the First Amended Complaint, the Court adopted and confirmed the December 2015 R&R, agreeing with the recommendations set forth therein.[2] (Doc. 13 ("**February 2016 Order**").)  In doing so, the Court also noted that the Original Complaint was an impermissible shotgun pleading and advised Plaintiff that if he chose to replead, an amended complaint should clearly delineate which factual allegations were relevant to each claim. (*Id.* at 2–3.) Finally, the February 2016 Order found that the First Amended Complaint mirrored the Original Complaint and was equally deficient.[3] (*Id.* at 3 n.1 (comparing Doc. 1, *with* Doc. 11.) Hence the Court ordered that the Clerk of Court strike the First Amended Complaint. (*Id.* at 3.)

Thereafter, Plaintiff amended his complaint for a third time, proceeding only on his state-law tort claims (Doc. 17 ("**Second Amended Complaint**")) and moved again to proceed *in forma pauperis* (Doc. 18 ("**Renewed IFP Motion**")). As before, Magistrate

---

[1] U.S. Magistrate Judge David A. Baker also found no basis for federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff failed to state a claim under either constitutional or statutory provision asserted in the Original Complaint. (Doc. 8, pp. 10–11.)

[2] In its February 2016 Order, the Court acknowledged that ordinarily the filing of an amended complaint would render the December 2015 R&R moot. (*Id.* at 3.) The Court, however, found that this case warranted a different outcome and reviewed the Amended Complaint alongside the Original Complaint. (*See id.*)

[3] With respect to alleging citizenship, Plaintiff again stated that he was "located" in Georgia and that each Defendant was "located" in Florida. (*See* Doc. 11.)

Judge Baker recommended that the Court dismiss the Second Amended Complaint as Plaintiff had not addressed any of the deficiencies mentioned in the Court's previous Orders. (Doc. 19 ("**May 2016 R&R**").) Specifically, the May 2016 R&R found that Plaintiff alleged only the parties' "locations" rather than the citizenship of either. (*Id.* at 3 (citing Doc 17).) As an additional ground for denial, Magistrate Judge Baker noted that the Second Amended Complaint remained a shotgun pleading because it lumped all factual allegations together. (*Id.*) Plaintiff objected to the May 2016 R&R (Doc. 25 ("**Objection**")), but before the Court could rule on the May 2016 R&R, Plaintiff filed yet another amended complaint (Doc. 23 ("**Third Amended Complaint**")). After consideration of Plaintiff's Objection, the Court adopted the May 2016 R&R, and advised that it would await Magistrate Judge Baker's recommendation on the viability of the Third Amended Complaint. (Doc. 26 ("**June 2016 Order**").) Following the June 2016 Order, Magistrate Judge Baker, *inter alia*, granted the Renewed IFP Motion, (Doc. 27), but did not address the sufficiency of the Third Amended Complaint.

The Court now endeavors to ensure, as it must, that it has subject matter jurisdiction over this action. Upon review of the Third Amended Complaint, the Court finds that Plaintiff—for the fourth time—has failed to sufficiently allege the parties' citizenship. Hence the Court cannot exercise diversity jurisdiction over this action.

In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity requires that the citizenship of each plaintiff be diverse from the citizenship of every defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The citizenship of an individual is determined by domicile, which is established

by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)*; see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Additionally, for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c) (emphasis added).

Despite successive attempts, the Third Amended Complaint alleges that Plaintiff is "located" at a residence in Georgia. (Doc. 23, p. 1.) In addition, each corporate Defendant is alleged to be a "citizen" of Florida and "domiciled" in Florida. (*Id.* at 1–2.) While *pro se* pleadings are liberally construed, in this context "almost doesn't count."[4] *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that *pro se* litigants are required to conform to procedural rules). Importantly, Plaintiff has yet again failed to allege his own citizenship. (Doc. 23, p. 1.) Location does not equate to citizenship. Nor has Plaintiff properly alleged the state of incorporation or the principal place of business for WESH 2, Bay 9 News, My News 13, or WKMG TV Local 6. (*See id.* at 1–2.) This alone is a sufficient ground to dismiss the Third Amended Complaint.

But there is a second ground that merits dismissal. As in previous iterations, the Third Amended Complaint remains a shotgun pleading. A shotgun complaint "is [one] asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313,

---

[4] BRANDY, ALMOST DOESN'T COUNT (Atlantic Records 1998).

4

1323 (11th Cir. 2015). Such pleadings impose on the Court the onerous task of sifting out irrelevancies to determine which facts are relevant to which causes of action. *See id.* at 1323; *see also, e.g.*, *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Here, any meritorious claims, if they exist, are buried within a thicket of extraneous allegations, repetitive factual background, and statistical irrelevancies. Indeed, it is near impossible to determine in the 137 paragraphs which factual allegations are relevant to which claims or which Defendants are responsible for which acts.

In light of Plaintiff's repeated failure to cure the deficiencies noted in the Court's previous Orders and because Plaintiff appears to be unwilling to amend his pleadings in accordance with the Federal Rules of Civil Procedure and the Court's Orders, the Court finds that the Third Amended Complaint is due to be dismissed with prejudice. *See Ferentinos v. Kissimmee Util. Auth.*, 604 F. App'x 808, 810 (11th Cir. 2015) (affirming district court's dismissal with prejudice where plaintiff "repeatedly ignored" the court's orders and failed to correct a shotgun pleading on successive amendments); *see also Kabbaj v. Obama*, 568 F. App'x 875, 881 (11th Cir. 2014) (dismissing with prejudice where a plaintiff filed four deficient complaints); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (noting that a district court is not required to permit amendment if the plaintiff has repeatedly failed to cure the deficiencies by amendments previously allowed).[5]

---

[5] *Luft v. Citigroup Glob. Mkts. Realty Corp.*, No. 2:11-cv-703-FtM-29CM, 2014 WL 820608, at *2 (M.D. Fla. Mar. 3, 2014), *aff'd* 620 F. App'x 702 (11th Cir. 2015) (dismissing a plaintiff's second amended complaint because it was a "shotgun" pleading and the court had "on more than one occasion outlined plaintiff's responsibility to comply with the Federal Rules and provided her with specific instructions on how to comply with such rules"); *see also Friedlander v. Nims*, 755 F.2d 810, 811–12, 813–14 (11th Cir. 1985) (concluding that dismissal with prejudice was appropriate where the district court gave

In so concluding, the Court is mindful of the need for liberal construction of a *pro se* litigant's pleadings. The Court is also mindful of the constitutional significance of providing Plaintiff with access to the Courts for redress of grievances. Toward that end, each Order entered along with its associated R&R has provided detailed instruction and direction as to each Complaint's deficiencies. All went for naught. The Court also provided Plaintiff with detailed *pro se* instructions and directed him to resources provided for *pro se* litigants (Doc. 7) to no avail. Thus, the Court finds that dismissal of the claims with prejudice is warranted.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Third Complaint (Doc. 23) is **DISMISSED WITH PREJUDICE**.
2. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and **CLOSE** the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 27, 2017.

ROY B. DALTON JR.
United States District Judge

Copies:

Pro Se Parties

Counsel of Record

---

"specific and repeated warnings" that the complaint required amendment); *Cowan v. Gaffney*, No. 2:07-cv-184-FtM-29SPC, at *3 (M.D. Fla. 2010) (M.D. Fla. Jan. 12, 2010) (dismissing a complaint with prejudice where plaintiffs had six chances to amend their complaint "and yet plaintiffs [ ] failed to state a coherent, plausible claim on which relief may be granted").