# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HOWARD PORTER,**

      **Plaintiff,**

v.                                                       Case No:  6:15-cv-1715-Orl-37DCI

**WESH 2, BAY NEWS 9, MY NEWS 13, WKMG TV LOCAL 6, TRAVELL EILAND, SHAUN CHAIYBHAT, BLAINE TOLISON, SAUL SENZ, LACY MCLAUGHLIN and KATIE KURSTAIN,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR PERMISSION TO APPEAL *IN FORMA PAUPERIS* (Doc. 107)** |
| **FILED:** | **February 28, 2017** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

This case presents with a long procedural history, highlighted by Plaintiff's four attempts to sufficiently allege subject matter jurisdiction and a avoid shotgun pleading. *See* Docs. 1; 11; 17; 23. On January 27, 2017, the Court entered an order (the Order) finding that Plaintiff's operative complaint (Doc. 23) again failed to sufficiently allege subject matter jurisdiction and avoid shotgun pleading, and, consequently, dismissed the operative complaint with prejudice. Doc. 105.

On February 28, 2017, Plaintiff filed a Notice of Appeal.  Doc. 106.  The Notice of Appeal reveals that Plaintiff intends to challenge the Court's determination that he failed to sufficiently allege subject matter jurisdiction and that the operative complaint was a shotgun pleading.  *Id.* at 2-3.[1]  On February 28, 2017, Plaintiff filed a Motion for Permission to Appeal *In Forma Pauperis* (the Motion).  Doc. 107.

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3).  The good faith standard is an objective standard.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issues presented are frivolous.  *Id.*

Plaintiff is appealing the Order dismissing the case with prejudice. Doc. 106.  Specifically, Plaintiff is challenging the Court's findings concerning his failure to sufficiently allege subject matter jurisdiction and avoid shotgun pleading.  *Id.* at 2-3.  As set forth in the Order, Plaintiff was given numerous opportunities to sufficiently allege subject matter jurisdiction and avoid shotgun pleading, but Plaintiff, despite numerous opportunities to correct those issues, failed to do so, and thus, failed to establish that the Court has subject matter jurisdiction over the case and failed to sufficiently allege claims upon which relief may be granted.  *See* Doc. 105.  There is nothing in the Notice of Appeal that demonstrates the Court's bases for dismissing the case with prejudice were erroneous.[2]  Therefore, the undersigned finds the arguments Plaintiff intends to raise on appeal are without arguable merit, and thus the appeal is not taken in good faith.

---

[1] It appears Plaintiff also intends raise a third issue on appeal; to wit, the dismissal of his claims against the media. Doc. 106 at 3-4.  This challenge appears to go to the merits of his claims against the media.  *See id.*  The Court, however, did not rule on the merits of those claims.  Doc. 105.  Therefore, there is no merit in Plaintiff's third and final issue on appeal.

[2] The undersigned has considered the cases on which Plaintiff relies, and finds they do not support Plaintiff's arguments challenging the Order.  *Rivas v. The Bank of New York Mellon*, 2017 WL

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 107) be **DENIED**;

2. The Court certify the appeal is not taken in good faith; and

3. The Clerk be directed to notify the Eleventh Circuit in accordance with Fed. R. App. P. 24(a)(4).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 3, 2017.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

242545 (11th Cir. Jan. 20, 2017) (finding the district court erred in dismissing complaint and denying plaintiff an opportunity to file a first amended complaint); *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015) (finding that the district court erroneously concluded that two of the counts in the complaint constituted shotgun pleadings).