UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HOWARD PORTER

    Plaintiff,

v.                                               Case No. 6:15-cv-1715-Orl-37DCI

WESH 2, BAY NEWS 9, MY NEWS 13,
WKMG TV LOCAL 6, TRAVELL
EILAND, SHAUN CHAIYBHAT,
BLAINE TOLISON, SAUL SENZ, LACY
MCLAUGHLIN, and KATIE
KURSTAIN,

    Defendants.

## ORDER

This cause is before the Court on Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. 107), which U.S. Magistrate Daniel C. Irick recommends that the Court deny (Doc. 109). Plaintiff objected to the Report and Recommendation (Doc. 111) and also sought an extension of time to file an appeal (Doc. 110). For the reasons set forth below, Plaintiff's motions are due to be denied and the Report and Recommendation is due to be adopted.

### I. PROCEDURAL HISTORY

On January 27, 2017, the Court dismissed Plaintiff's third amended complaint (Doc. 23 ("**TAC**")) with prejudice on the grounds that: (1) the TAC was a shotgun pleading; and (2) Plaintiff failed to sufficiently allege the citizenship of either himself or Defendants despite repeated direction, thereby rendering the Court unable to exercise

diversity jurisdiction. (Doc. 105 ("**Dismissal Order**").) Thereafter, Plaintiff filed a notice of appeal (*see* Doc. 106 ("**Notice**")) and sought leave to appeal the Dismissal Order *in forma pauperis* (Doc. 107 ("**IFP Motion**")). The Undersigned referred the IFP Motion to U.S. Magistrate Judge Daniel C. Irick for a Report and Recommendation ("**R&R**"). Magistrate Judge Irick issued an R&R on March 3, 2017. (Doc. 109.) Plaintiff timely objected. (Doc. 111 ("**Objection**").)

In the interim, Plaintiff filed a "Motion for Permission to Appeal" (Doc. 110), to which Defendants did not respond. Upon examination, the Court construes the motion as a request for an extension of time in which to file an appeal ("**Extension Motion**").

## II.   STANDARD OF REVIEW

### A.   Report and Recommendation

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

### B.   Notice of Appeal

Generally, a notice of appeal must be filed within thirty days after the entry of the order appealed from. Fed. R. App. P. 4(a)(1)(A). But a district court may extend the time

to file a notice of appeal if: (1) a party moves for an extension no later than thirty days after the time prescribed in Rule 4(a) expires; and (2) the movant shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). If such a motion is filed after the expiration of the time allotted in Rule 4(a)(1), the movant must give notice to the other parties. Fed. R. App. P. 4(a)(5)(B).

### III. ANALYSIS

In his Notice, Plaintiff argues that: (1) the TAC sufficiently alleges diversity jurisdiction; and (2) the TAC is not a shotgun pleading ("**Appeal Issues**").[1] (Doc. 106.) On referral, Magistrate Judge Irick recommends that the Court deny the IFP Motion because it is not taken in good faith. (Doc. 109, p. 2.) Specifically, Magistrate Judge Irick determined that the Appeal Issues are frivolous, as the Notice fails to demonstrate that the bases for dismissal were erroneous. (*Id.*) In his Objection, Plaintiff merely regurgitates the Appeal Issues. (*See* Doc. 111.)

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3) (italics added); *see also* Fed. R. App. P. 24(a)(3). "Whether an appeal is taken in good faith is a matter within the discretion of the trial court." *Busch v. Cty. of Volusia*, 189 F.R.D. 687, 692 (M.D. Fla. 1999) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948)). In this context, good

---

[1] While Plaintiff raises a third issue in his Notice regarding a 42 U.S.C. § 1983 claim, such claim was not asserted in the TAC (*see* Doc. 23), nor did the Court address the merits of any of Plaintiff's claims in the Dismissal Order (*see* Doc. 105). Hence this issue is without merit.

faith must be judged by an objective standard. *Id.* at 691. A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). And a claim or argument is frivolous when it appears that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

Upon de novo review, the Court finds that Plaintiff's appeal was not taken in good faith, as the Appeal Issues are frivolous and without arguable factual or legal merit. The scant authority cited in Plaintiff's Notice, and reiterated in his Objection, does not compel a contrary conclusion. Hence the Court finds that the Objection is due to be overruled and the R&R is due to be adopted in its entirety.

As a final matter, the Court finds that the Extension Motion is due to be denied. Although Plaintiff filed the Extension Motion within the time period prescribed under Federal Rule of Appellate Procedure 4(a)(5) and represented that he provided the requisite notice (*see* Doc. 110, pp. 2–3), such an extension is unwarranted here given the Court's finding that Plaintiff's appeal is frivolous. Moreover, Plaintiff has failed to set forth excusable neglect or good cause meriting such relief. Indeed, Plaintiff's contention that he anticipated receiving the Dismissal Order by mail is unavailing, as he receives email notifications of Court filings with a link to view such filings (*see* Doc. 63).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Objection to U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 111) is **OVERRULED**.

2. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 109) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

3. The Undersigned **CERTIFIES** that Plaintiff's appeal is not taken in good faith.

4. Plaintiff's Motion for Permission to Appeal (Doc. 110), which the Court construes as a motion for extension of time to file an appeal, is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 23, 2017.

ROY B. DALTON JR.
United States District Judge

Copies:

Pro Se Parties

Counsel of Record